Paul **BOSCHETTO**, Plaintiff–Appellant,

v.

Jeffrey D. **HANSING**; **Frank–Boucher Chrysler Dodge–Jeep; Gordie Boucher Ford; Boucher Automotive Group,** Defendants–Appellees.

No. 06–16595.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2008.

Filed Aug. 20, 2008.

Kenneth D. Simoncini, Esq., Simoncini & Associates, San Jose, CA, for plaintiff-appellant Paul Boschetto.

Robert G. Krohn, Esq., Roethe Krohn Pope LLP, Edgerton, WA, for defendant-appellee Jeffrey D. Hansing.

Timothy C. Davis, James Smith and Cameron Fortner, The Davis Law Firm, APC, San Francisco, CA, for defendants-appellees Frank–Boucher Chrysler Dodge–Jeep, Gordie Boucher Ford and Boucher Automotive Group.

Before: B. FLETCHER and PAMELA ANN RYMER, Circuit Judges, and KEVIN THOMAS DUFFY,* District Judge.

Opinion by Judge BETTY B. FLETCHER; Concurrence by Judge RYMER.

BETTY B. FLETCHER, Circuit Judge:

This appeal presents a question that remains surprisingly unanswered by the circuit courts: Does the sale of an item via the eBay Internet auction site provide sufficient "minimum contacts" to support personal jurisdiction over a nonresident defendant in the buyer's forum state? Plaintiff–Appellant Paul Boschetto ("Boschetto") was the winning bidder for a 1964 Ford Galaxie sold on eBay by the Defendant–Appellee, Jeffrey Hansing ("Hansing") for $34,106. Boschetto arranged for the car to be shipped from Wisconsin to California, but upon arrival it failed to meet his expectations or the advertised description. Boschetto sued in federal court; his complaint was dismissed for lack of personal jurisdiction. We now affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Boschetto lives in San Francisco, California.[1] Defendant–Appellee Jeffrey D. Hansing resides in Milton, Wisconsin. Id. Defendants–Appellees Frank–Boucher Chrysler Dodge–Jeep, Gordie Boucher Ford and Boucher Automotive Group ("Boucher Defendants") are private corporations with their principal places of business in Wisconsin. The Boucher Defendants operate a website that advertises their auto dealerships although it is not alleged that this website was connected in any way with the transaction at issue in this case. Hansing is an employee of one of the Boucher Defendants, Frank Boucher Chrysler Dodge–Jeep. The complaint avers that on August 1, 2005, all Defendants "owned and advertised [ ] a 1964 Ford Galaxie 500 XL 427/425 hp 'R Code' in awesome condition, not restored, rust free chrome in excellent condition, recently rebuilt and ready to be driven, with clear title, and a vehicle warranty number of 4E68R149127."

The car was advertised for sale on the eBay Internet auction site; a copy of a portion of the eBay listing was attached to Boschetto's complaint. Id. The eBay listing indicated that the item was located in Janesville, Wisconsin. Boschetto bid $34,106 for the Galaxie on August 8, 2005, and was notified through eBay that same day that he was the winning bidder. Id. Boschetto and Hansing communicated via email to arrange for delivery of the vehicle from Wisconsin to California. Boschetto ultimately hired a transport company to pick up the car in Wisconsin; it arrived in California on September 15, 2005. Id.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. The summary of facts is taken from Boschetto's complaint and his affidavit filed in opposition to the motion to dismiss. For pur-poses of determining whether the court has personal jurisdiction over Defendants, the court assumes Boschetto's allegations are true. See AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.1996).

Upon delivery, Boschetto discovered that the car was not an "R Code" as advertised, and noted a variety of other problems, including a motor that would not turn over, rust, and extensive dents on the body of the vehicle. *Id.* Boschetto contacted eBay and Hansing in an attempt to rescind the purchase, but those efforts failed. *Id.* He filed a complaint in United States District Court, Northern District of California on February 23, 2006. Boschetto alleged four state law causes of action (violation of the California Consumer Protection Act; breach of contract; misrepresentation; and fraud), and pled jurisdiction pursuant to the federal diversity statute, 28 U.S.C. § 1332(a).

All Defendants moved to dismiss based on lack of personal jurisdiction. On July 13, 2006, the district court granted the motion. The district court reasoned that the lone jurisdictionally relevant contact with California, an eBay sale consummated with a California purchaser, was insufficient to establish jurisdiction over any of the Defendants. Although Hansing used eBay to market the automobile, the district court observed that "eBay acted not as a 'distribution center' but rather as a virtual forum for the exchange of goods," and that in a standard eBay transaction—like the one at issue in this appeal—the item goes to whomever is the highest bidder, and so "the eBay seller does not purposefully avail himself of the privilege of doing business in a forum state absent some additional conduct directed at the forum state." *Id.*

The district court also rejected Boschetto's request to conduct additional discovery relevant to jurisdiction. *Id.* Noting its "broad discretion" to permit or deny such discovery, the court found that Boschetto's request for further discovery was premised on "speculat[ion] without any support" that the additional discovery would yield jurisdictionally relevant information. *Id.*

Judgment was entered on July 17, 2006 and this timely appeal followed.

## II. PERSONAL JURISDICTION

We review a dismissal for lack of personal jurisdiction *de novo. See Myers v. Bennett Law Offices,* 238 F.3d 1068, 1071 (9th Cir.2001). In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990). If the district court decides the motion without an evidentiary hearing, which is the case here, then "the plaintiff need only make a prima facie showing of the jurisdictional facts." *Id.* (citation omitted). Absent an evidentiary hearing this court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n,* 59 F.3d 126, 127–28 (9th Cir.1995). Uncontroverted allegations in the plaintiff's complaint must be taken as true. *See AT & T,* 94 F.3d at 588. "Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *See Panavision Int'l L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998). California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process. *Id.* at 1320. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional no-

tions of fair play and substantial justice.' " *Schwarzenegger*, 374 F.3d at 801 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction. We deal here only with the latter.[2]

## A. The district court correctly dismissed Boschetto's complaint for lack of personal jurisdiction.

 We apply a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)). The plaintiff bears the burden on the first two prongs. *Id.* If the plaintiff establishes both prongs one and two, the defendant must come forward with a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). But if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed. *See Pebble Beach Co.*

*v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) ("[Plaintiff's] arguments fail under the first prong. Accordingly, we need not address [the remaining two prongs].").

 For part one of this three-part test, we have typically analyzed cases that sound primarily in contract—as Boschetto's case does—under a "purposeful availment" standard. *Schwarzenegger*, 374 F.3d at 802 ("We often use the phrase 'purposeful availment' in shorthand fashion, to include both purposeful availment and purposeful direction, but availment and direction are, in fact, two distinct concepts. A purposeful availment analysis is most often used in suits sounding in contract.") (internal citation omitted); *see also McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 817 (9th Cir.1988) (distinguishing purposeful direction precedents where "personal jurisdiction is sought on a contract claim, not on a tort claim"). To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher*, 911 F.2d at 1362 (internal quotation marks and citation omitted). Our evaluation of the jurisdictional significance of a defendant's contract or other business in the forum is not rigid and formalistic, but rather practical and pragmatic. *Burger King Corp.*, 471 U.S. at 478, 105 S.Ct. 2174 ("[W]e have emphasized the need for a highly realistic approach that recognizes that contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.") (internal quotation marks and citation omitted); *Lake*, 817 F.2d at 1421

---

**2.** The district court summarily, and correctly, rejected Boschetto's contention that the Defendants could be subject to general juris-diction in California. Boschetto does not challenge that aspect of the district court's dismissal order on appeal.

("The first step of the specific jurisdiction analysis involves a *qualitative* evaluation of the defendant's contact with the forum state.") (emphasis added). In doing so, we are guided by the Supreme Court's admonition that the formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction. *Burger King Corp.,* 471 U.S. at 478, 105 S.Ct. 2174 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") (emphasis in original); *see also McGlinchy,* 845 F.2d at 816 n. 9 (same).

Here, Boschetto fails at step one of the test for specific jurisdiction, as the lone transaction for the sale of one item does not establish that the Defendants purposefully availed themselves of the privilege of doing business in California. The arrangement between Boschetto and Hansing which is, at bottom, a contract for the sale of a good, is insufficient to have created a substantial connection with California. Hansing (and assuming *arguendo* that they had any involvement in the transaction, the Boucher Defendants) did not create any ongoing obligations with Boschetto in California; once the car was sold the parties were to go their separate ways. Neither Boschetto's complaint nor

his affidavit in opposition to dismissal point to any continuing commitments assumed by the Defendants under the contract. *Id.* Nor did performance of the contract require the Defendants to engage in any substantial business in California. On Boschetto's version of the facts, funds were sent to Wisconsin and arrangements were made to pick up the car there and have it delivered to California. This was, as the district court observed, a "one-shot affair." *See CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1265 (6th Cir.1996). As the Supreme Court has expressly cautioned, a contract alone does not automatically establish minimum contacts in the plaintiff's home forum. *See Burger King Corp.,* 471 U.S. at 478, 105 S.Ct. 2174; *see also Doe v. Unocal Corp.,* 248 F.3d 915, 924 (9th Cir.2001) ("However, an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts to support personal jurisdiction.") (internal quotation marks and citations omitted); *cf. Travelers Health Ass'n v. Commonwealth of Va.,* 339 U.S. 643, 647, 70 S.Ct. 927, 94 L.Ed. 1154 (1950) (purposeful availment found if "business activities reach out beyond one state and create *continuing relationships and obligations* ") (emphasis added).[3]

Ignoring the limited nature of the transaction at issue, Boschetto attaches special significance to the fact that the transaction

---

3. In *Burger King* the Court noted that even a "single act" by the defendant can support jurisdiction, but only if that act creates a "substantial connection" with the forum. 471 U.S. at 476 n. 18, 105 S.Ct. 2174 (quoting *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)). The Court's reliance on *McGee* is, however, telling. In *McGee,* the record suggested there was only one contract between the defendant and any California resident. 355 U.S. at 222, 78 S.Ct. 199. But the Court did not decide the jurisdictional issue on a quantitative assessment of the number of contracts the defendant had entered into in the forum state;

rather, it looked to the content or qualitative nature of the contract before it, and reasoned that the contract gave rise to ongoing obligations that connected the defendant with the forum state. *Id.* at 223, 78 S.Ct. 199. Applied here, it is not the fact that Defendants may have entered into only one contract with a California resident that is dispositive. Rather, it is the fact that the nature of the contract entered into did not create any "substantial connection" between Boschetto and the Defendants beyond the contract itself. *Id.* ("It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State.").

was consummated via eBay, noting that the eBay listing could have been viewed by anyone in California (or any other state for that matter) with Internet access. But the fact that eBay was used as the conduit for this sale does not affect the jurisdictional outcome, at least not on the particular facts presented here.

In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir.1997), we discussed with approval a sliding scale analysis that looks to how interactive an Internet website is for purposes of determining its jurisdictional effect. ("In sum, the common thread, well stated by the district court in *Zippo*, is that the 'likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that an entity conducts over the Internet.'") (quoting *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F.Supp. 1119, 1124 (W.D.Pa. 1997)). The plaintiff in *Cybersell* relied on the fact that the defendant operated a website, accessible in the forum state, that contained allegedly infringing trademarks. 130 F.3d at 416. The defendant's website advertised its services but did not allow parties to transact business via the site. *Id.* at 419. Noting the lack of interactivity on the defendant's website, the court concluded that the defendant had "done no act and [ ] consummated no transaction, nor has it performed any act by which it purposefully availed itself of the privilege of conducting activities, in Arizona, thereby invoking the benefits and protections of Arizona law." *Id.*

The *Cybersell* analysis, while persuasive where the contact under consideration is the website itself, is largely inapplicable in this case. Here, eBay was used to create a listing for the sale of a good. Based on a superficial application of *Cybersell*, the eBay listing process and the sale it engenders is "interactive." *Id.* (noting the lack of evidence suggesting that defendant's website resulted in any business generation). But, as the district court noted, "the issue is not whether the court has personal jurisdiction over the intermediary eBay but whether it has personal jurisdiction over an individual who conducted business over eBay." In *Cybersell* and related cases where the Internet site actually belongs to and is operated by the defendant, the nature of the website has jurisdictional significance because the website allows the defendant to maintain some ongoing contact with the forum state (as well as every other state that can access the site). *See Zippo*, 952 F.Supp. at 1125–26 ("We are being asked to determine whether Dot Com's conducting of electronic commerce with Pennsylvania residents constitutes the purposeful availment of doing business in Pennsylvania."). Here, the eBay listing was not part of broader e-commerce activity; the listing temporarily advertised a good for sale and that listing closed once the item was sold, thereby extinguishing the Internet contact for this transaction within the forum state (and every other forum).[4]

Moreover, Boschetto does not allege that any of the Defendants are using eBay to conduct business generally. He does not allege that Defendants conduct regular sales in California (or anywhere else) via eBay. Based on his own affidavit he named the Boucher Defendants based on a "good faith belief" that Hansing may have been acting as their agent during the sale. But he does not go on to allege—on information and belief or otherwise—that either Hansing or the Boucher Defendants are

---

4. Under a traditional jurisdictional analysis, advertising in a forum state does not typically suffice to establish personal jurisdiction. *See Wood v. Santa Barbara Chamber of Commerce,* 705 F.2d 1515, 1522 (9th Cir.1983); *Holland America Line, Inc. v. Wärtsilä North America, Inc.,* 485 F.3d 450, 460 (9th Cir.2007).

regular users of the eBay sales platform to sell their cars.[5]

This is a distinction with a difference, as the cases that have found that jurisdiction was proper based on eBay sales relied heavily on the fact that the defendant was using the platform as a broader vehicle for commercial activity. *See, e.g., Crummey v. Morgan*, 965 So.2d 497, 500 (Ct.App.La. 2007) (evidence of two prior sales to Louisiana residents in prior year); *Dedvukaj v. Maloney*, 447 F.Supp.2d 813, 822–23 (E.D.Mich.2006) ("Although the Court's research has not disclosed any personal jurisdiction cases involving the use of eBay auctions as a commercial seller's primary marketing vehicle, it is clear from the record that Defendants' use of eBay is regular and systemic."); *Malcolm v. Esposito*, 2003 WL 23272406 at *4 (Va.Cir.Ct. Dec. 12, 2003) ("Defendants are commercial sellers of automobiles who, at the time the BMW was sold, were represented on eBay as 'power sellers' with 213 transactions.").

■ At bottom, the consummation of the sale via eBay here is a distraction from the core issue: This was a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no "substantial connection" or ongoing obligations there. *See McGee*, 355 U.S. at 223, 78 S.Ct. 199. The Supreme Court has, in the past, sounded a note of caution that traditional jurisdiction-al analyses are not upended simply because a case involves technological developments that make it easier for parties to reach across state lines. *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 293, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980) ("[W]e have never accepted the proposition that state lines are irrelevant for jurisdictional purposes, nor could we, and remain faithful to the principles of interstate federalism embodied in the Constitution."). The use of eBay no doubt made it far easier to reach a California buyer, but the ease with which Boschetto was contacted does not determine whether the nature and quality of the Defendants' contacts serve to support jurisdiction. That is not to say that the use of eBay digs a virtual moat around the defendant, fending off jurisdiction in all cases. Where eBay is used as a means for establishing regular business with a remote forum such that a finding of personal jurisdiction comports with "traditional notions of fair play and substantial justice," *International Shoe Co.*, 326 U.S. at 316, 66 S.Ct. 154, then a defendant's use of eBay may be properly taken into account for purposes of establishing personal jurisdiction. *See Crummey*, 965 So.2d at 500; *Dedvukaj*, 447 F.Supp.2d at 822–23; *Malcolm*, 2003 WL 23272406 at *4. But on the facts of this case—a one-time transaction—the use of eBay as the conduit for that transaction does not have any dispositive effect on jurisdiction.[6]

---

**5.** It is for this reason that Boschetto's reliance on *Stomp, Inc. v. NeatO LLC*, 61 F.Supp.2d 1074 (C.D.Cal.1999) is misplaced. In *Stomp*, the defendant used its own website as a portal for on-line sales, and the defendant consummated at least a "small" number of sales in the forum state. *Id.* at 1078.

**6.** We note that our affirmance of the district court's dismissal is in-line with a number of state court decisions that have addressed whether personal jurisdiction can be established by way of a single eBay transaction with a forum plaintiff. *See e.g., Sayeedi v.* *Walser*, 15 Misc.3d 621, 628, 835 N.Y.S.2d 840 (N.Y.Civ.Ct.2007) ("No evidence was provided by Plaintiff as to Defendant's overall eBay statistics, experience, or any marketing directed at potential customers, designed for instance, to welcome bids from New Yorkers or any other acts that indicate Defendant may be purposely availing himself specifically to the business of New Yorkers or any desire to take advantage of New York law."); *Gossett v. HBL, LLC*, 2006 WL 1328757 at *2 (D.S.C. 2006 May 11, 2006) ("[Defendant's] mere listing on eBay is not enough to invoke jurisdiction in South Carolina."); *Karstetter v. Voss*,

## B. The district court did not abuse its discretion by denying Boschetto's request for jurisdictional discovery.

 A district court's decision to permit or deny jurisdictional discovery is reviewed for abuse of discretion. *See Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977). The district court's refusal to provide such discovery, "will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant. Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (citing *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n. 24 (9th Cir.1977)).

The district court did not abuse its discretion by denying Boschetto's request for jurisdictional discovery. Boschetto does not allege that the Boucher Defendants' dealership website is used to conduct sales, merely that it can be viewed by potential customers. Moreover, Boschetto does not allege that any of the Defendants made any other eBay sales or posted listings either before or after the initiation of the lawsuit. While it might be jurisdictionally relevant if Hansing or the Boucher Defendants had used eBay to conduct a significant quantity of automobile sales to California residents or in other states, neither Boschetto's complaint nor his affidavit allege that any of the Defendants are engaged in such sales. The denial of Boschetto's request for discovery, which was based on little more than a hunch that it might yield jurisdictionally relevant facts,

was not an abuse of discretion. *See Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir.1986) (holding that district court did not abuse its discretion by refusing jurisdictional discovery where the plaintiffs "state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").

## III. CONCLUSION

The sale of one automobile via the eBay website, without more, does not provide sufficient "minimum contacts" to establish jurisdiction over a nonresident defendant in the forum state. Likewise, given the total absence of any evidence or allegations that the conduct here involved more than just this one sale, the district court did not abuse its discretion by refusing to allow jurisdictional discovery.

**AFFIRMED.**

RYMER, Circuit Judge, concurring:

I agree that jurisdiction is lacking. I write separately to underscore my disagreement with Boschetto's argument that Hansing, as a seller on eBay, necessarily availed himself of the privilege of doing business in each state across the nation. I believe that a defendant does not establish minimum contacts nationwide by listing an item for sale on eBay; rather, he must do "something more," such as individually targeting residents of a particular state, to be haled into another jurisdiction.

The basic principles are well settled. Personal jurisdiction is proper if it is consistent with the forum state's long-arm

184 S.W.3d 396, 405 (Tex.App.2006) ("There was no evidence that appellees traveled to Kansas or engaged in other transactions with appellant or other Kansas residents either through the eBay service or otherwise."); *Metcalf v. Lawson,* 148 N.H. 35, 802 A.2d

1221, 1227 (2002) ("Finally, what appears to be the isolated nature of this transaction and the absence of any evidence that the defendant was a commercial seller militate against a finding of jurisdiction.").

statutes and if it comports with due process of law. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.,* 103 F.3d 888, 893 (9th Cir.1996). California's long-arm statute extends the exercise of personal jurisdiction to the limits of due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir.2003) (citing Cal.Code Civ. Pro. § 410.10). For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1155 (9th Cir.2006) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 315, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

This circuit applies a three-part test to determine whether a plaintiff has demonstrated sufficient minimum contacts to establish specific jurisdiction over a defendant. Minimum contacts are found where:

(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum related activities, and (3) the exercise of jurisdiction is reasonable.

*Id.* at 1155 (citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000)). The plaintiff bears the burden of satisfying the first two prongs of the test, and the defendant bears the burden on the third. *Id.* Boschetto falls short on the first prong.

The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted). We have refined this to mean that the defendant must either have "purposefully availed" himself of the privilege of conducting activities in the forum, thus invoking the benefits and protections of its laws, or have "purposefully directed" his activities toward the forum. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 807 (9th Cir.2004).

A defendant "purposefully avails" himself of a forum when he acts in a way that creates a "substantial connection" with the state, *Burger King,* 471 U.S. at 475, 105 S.Ct. 2174, *see also Kulko v. California Superior Court,* 436 U.S. 84, 94, n. 7, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), as where he deliberately engages in significant activities there, *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), or creates "continuing obligations" between himself and its residents. *Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 648, 70 S.Ct. 927, 94 L.Ed. 1154 (1950). In return for taking advantage of the forum state's "benefits and protections," the defendant must submit to the burden of being sued there. *Burger King,* 471 U.S. at 475–76, 105 S.Ct. 2174.

A defendant "purposefully directs" activity at a forum state when he: (1) commits an intentional act, that is (2) expressly aimed at the forum state, and that (3) causes harm that he knows is likely to be suffered in that jurisdiction. *See Schwarzenegger,* 374 F.3d at 803 (citing *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)). Under this "effects test," it is not sufficient that the defendant took action with a foreseeable effect in the forum state. *Id.* at 804–05. He must do "something more" for courts to conclude that he "expressly aimed" activity at the forum, such as individually targeting its residents. *Id.* at 805; *Pebble Beach Co.,* 453 F.3d at 1157.

In my view, Hansing did not purposefully avail himself of California. Hansing

created no continuing obligations to California residents by selling his car on eBay. His only obligation was to complete the sale with the highest bidder, whoever and wherever he might be, which Hansing fulfilled by allowing Boschetto to retrieve the car in Janesville, Wisconsin. Nor did Hansing's eBay auction establish a substantial connection between himself and California such that he invoked the benefits and protections of its laws. There is no suggestion that he is engaged in ongoing business activities there,[1] and though a Californian ultimately made the highest of fifty bids, this was a fortuity; Boschetto does not argue either that Hansing had any control over the high bidder's location within the United States, or that the high bidder's residence had any effect on Hansing's obligations, given Hansing's requirement that the high bidder either pick up the car in Wisconsin or, as Boschetto did, arrange for a third-party to ship it somewhere else. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297–99, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980) ("the foreseeability that is critical to [the] due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.") (citations omitted).

I also do not think that Hansing purposefully directed any activity at California. Boschetto argues that Hansing directed his eBay auction at the state by failing to bar Californians from bidding. By accepting bids from all states, he contends, Hansing offered to sell the subject vehicle to residents of each state of the union, including California. I disagree that allowing eBay users throughout the United States and Canada to bid on an auction subjects the seller to nationwide jurisdiction. As we have previously held, merely advertising over the Internet is not sufficient to confer jurisdiction throughout the United States, even though the advertisement or website at issue may be viewed nationwide. *Pebble Beach Co.,* 453 F.3d at 1157–58; *Cybersell, Inc.,* 130 F.3d at 419–20.[2] The defendant must do "something more" to aim activity expressly at a state, *Cybersell,* 130 F.3d at 418, 419; *Pebble Beach Co.,* 453 F.3d at 1156–57,[3] and

---

**1.** There is no basis for concluding that Hansing is engaged in extensive business activity on the Internet, with California or any other forum. *See Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419–20 (9th Cir.1997). Although Boschetto points to *Stomp, Inc. v. NeatO, LLC,* 61 F.Supp.2d 1074, 1077 (C.D.Cal.1999), I do not accept its suggestion that conducting any business over the Internet subjects a defendant to suit nationwide.

**2.** Boschetto argues that Hansing should not be allowed to take advantage of modern technology while simultaneously escaping traditional notions of jurisdiction. However, we rejected this precise argument in *Cybersell,* 130 F.3d at 419. Haling Hansing into California would be inconsistent with traditional notions of jurisdiction. In any event, I am not persuaded by Boschetto's characterization of Hansing's use of the Internet to sell his car as "taking advantage." Allowing sellers to

hold nationally available auctions without requiring them to submit to jurisdiction nationwide is beneficial to buyers as well. A less-burdensome jurisdictional rule encourages sellers to hold auctions in the first place, thereby creating opportunities for buyers to find items they want and to decide for themselves whether—taking all relevant matters into account—they want to place a bid.

**3.** *See also Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1020 (9th Cir.2000) (no jurisdiction based on passive website without "something more"); *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998) (posting website on internet does not establish jurisdiction nationwide); and *Schwarzenegger,* 374 F.3d at 806–07 (foreseeable effect of Ohio print advertisement in California did not render advertisement "expressly aimed" at California); *cf. Bancroft,* 223 F.3d at 1084 (letter to domain registrar,

Boschetto has not shown either that Hansing tailored his auction to the residents of any state in particular, or that he sent or advertised his auction to any state in particular, much less California.[4] Arguably, Hansing could foresee that California residents would bid on his auction, and that he would benefit from their participation, but foreseeable participation by Californians is not enough. Hansing must have done something more to aim his auction expressly at the state, such as individually targeting California residents.[5] *Pebble Beach Co.*, 453 F.3d at 1157. On the facts of this case, he did nothing more. He simply permitted those with eBay access throughout the United States and Canada to bid on his car, agreeing to let the winner retrieve it in Janesville, Wisconsin.

Accordingly, although Hansing listed his car for sale in an unrestricted eBay auction, allowing residents of all states to view the auction and bid, and though he ultimately sold the car to a California resident, he neither availed himself of the privilege of doing business in California nor purposefully directed any activity at the state.[6]

I agree that the district court did not abuse its discretion by denying Boschetto jurisdictional discovery. Where, as here, a plaintiff's claim of personal jurisdiction is both attenuated and based on bare allegations rebutted by specific denials made by the defendants, the district court need not permit even limited discovery. *Pebble Beach Co.*, 453 F.3d at 1160.

which interfered with plaintiff's use of registered domain, independently targeted plaintiff); and *Metropolitan Life Ins. Co. v. Neaves,* 912 F.2d 1062, 1065 (9th Cir.1990) (fraudulent letter sent to plaintiff in forum state was express aiming).

4. Even if Hansing knew Boschetto was in California when he sent the post-auction email, the email was not sufficient to subject him to personal jurisdiction there. It established only a limited contact, and Hansing sent it because Boschetto won the auction, not because he was in California. *See Burger King Corp.,* 471 U.S. at 474, 105 S.Ct. 2174.

5. Nor did Hansing purposefully avail himself of the benefits and protections of California by allowing Californians to bid. His auction did not create a substantial connection with the forum, and nothing in the record indicates that it made any difference to Hansing where the winning bidder resided (within the United States or Canada) or where he took the car when it left Wisconsin. *World–Wide Volkswagen,* 444 U.S. at 295–97, 100 S.Ct. 580 (no jurisdiction over auto distributor based on customer's decision to drive to the forum state).

6. This is consistent with the approach of the majority of courts to address whether listing an item for nationwide sale on eBay requires a seller to submit to suit nationwide. *See e.g. Winfield Collection, Ltd. v. McCauley,* 105 F.Supp.2d 746, 749 (E.D.Mich.2000) (eBay sales are random and attenuated); *Metcalf v. Lawson,* 148 N.H. 35, 802 A.2d 1221, 1226 (2002) (seller had no control over ultimate winner); *Karstetter v. Voss,* 184 S.W.3d 396, 405 (Tex.Ct.App.2006) (contact with Kansas was random, isolated and fortuitous); *Action Tapes, Inc. v. Ebert,* No. 3:05–CV–1239, 2006 WL 305769, 2006 U.S. Dist. LEXIS 4958 (N.D.Tex. Feb. 9, 2006) (eBay sellers do not control interactivity of eBay site); *United Cutlery Corp. v. NFZ, Inc.,* No. CCB–03–1723, 2003 WL 22851946, 2003 U.S. Dist. LEXIS 21664 (D.Md. Dec. 1, 2003) (intent was to sell to highest bidder, irrespective of location); *Gossett v. HBL, LLC,* 2006 WL 1328757, *2 (D.S.C.2006) ("mere listing on eBay is not enough to invoke jurisdiction ...."); and *Sayeedi v. Walser,* 15 Misc.3d 621, 835 N.Y.S.2d 840 (N.Y.C.Civ.Ct.2007) (ultimate destination of eBay item completely determined by bidders).